IN THE SUPREME COURT OF THE STATE OF DELAWARE

DELPHI PETROLEUM, INC,  §
§   No. 413, 2018
Plaintiff Below,  §
Appellant,  §   Court Below: Superior Court
§   of the State of Delaware
v.  §
§   C.A. No. N12C-02-302
MAGELLAN TERMINAL  §
HOLDINGS, L.P.,  §
§
Defendant Below,  §
Appellee.  §

Submitted: April 3, 2019
Decided: April 15, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

This 15th day of April 2019, after careful consideration of the parties' briefs
and the record on appeal, it appears to the Court that:

(1)    In this hard-fought contest between former contractual partners, every
matter has been the subject of a fight.[1]  This is the second pass before us of this

---

[1] For example, during the pendency of this appeal, Delphi filed an exhibit with its reply brief
containing a simplified version of some calculations.  This filing appears to have been motivated
by the fact that the Superior Court had ruled in favor of Magellan, who had presented their
calculations more simply.  Three days later, Magellan filed a motion to strike, arguing that Delphi
was attempting to introduce new evidence not presented to the trial court.  Delphi responded that
the exhibit was not new evidence, but rather an immaterially different presentation of evidence it
had properly introduced.  We, however, have given no credit to simplicity for simplicity's sake
and did not consider Delphi's exhibit when making our decision.  Magellan's motion to strike is
thus denied as moot.

dispute, which revolves around overcharges by Magellan in its provision of oil storage services to Delphi.

(2) Among other things, Magellan charged Delphi 18% interest on what Magellan alleged were overdue balances even though a proper accounting showed that Magellan actually owed money to Delphi for most of their relationship due to the overcharges that Delphi had paid. In the Superior Court's original post-trial decision, it held that Delphi was entitled to a refund equal to 29.5% of the overdue balance interest because, exclusive of that refund, Delphi was entitled to recover 29.5% of the $2.1 million it had paid to Magellan.[2]

(3) In the first appeal, we remanded the case to the Superior Court for a redetermination of prejudgment interest. We also encouraged the Superior Court to verify its determinations regarding the overdue balance interest refund.[3] On remand, the parties presented significantly disparate figures.

(4) Magellan argued that its methodology used a "simple, common-sense formula."[4] It essentially took its heating bill overcharges and assumed that the overcharge in each month was the annual overcharge divided by the number of months in which overbills occurred in that year. It then applied the statutory interest

---

[2] App. to Op. Br. at A73–74 ("A__" hereafter); *Delphi Petroleum, Inc. v. Magellan Terminal Holdings, L.P.* (*Delphi I*), 2017 WL 6371162, at *2 n.7, 177 A.3d 610 (Del. 2017) (Table), *reargument denied* (Jan. 11, 2018).
[3] *Delphi I*, 2017 WL 6371162, at *2 n.7.
[4] Answering Br. 4.

2

rate to each overcharge, calculating interest on a monthly basis. After correcting an interest rate error at the behest of Delphi, Magellan proposed a figure of $442,833.92 in prejudgment interest.

(5)    Delphi's approach was created with the assistance of Donald Dahl, a certified public accountant with 34 years of experience. Dahl added up the running balance of payments and obligations between the parties for each day, and on days where the balance favored Delphi, he affixed the statutory prejudgment interest rate, and on days where the balance favored Magellan, he affixed a penalty rate of 18%. Delphi ultimately proposed a figure of $840,145.63 in prejudgment interest and interest refunds exclusive of the interest refund already awarded.

(6)    As the Superior Court's written decision shows, it believed itself constrained by our remand order to examine only a portion of the relationship between the parties and to focus its award of prejudgment interest on that portion.[5] It accordingly adopted Magellan's corrected figure.

(7)    But we do not think our first remand so constrained the Superior Court. As noted, our remand order suggested that the Superior Court reexamine its calculations regarding the overdue balance interest.[6] Although we did not specifically address this possibility in our remand order, Delphi might be entitled to

---

[5] *Delphi Petroleum v. Magellan Terminals Holdings, L.P.*, 2018 WL 3385611, at *3 (Del. Super. July 10, 2018) (citing *Delphi I*, 2017 WL 6371162, at *2).
[6] *Delphi I*, 2017 WL 6371162, at *2 n.7.

additional refunds of overdue balance interest if it had made payments to Magellan before Magellan began charging interest or while Magellan was charging interest. Depending on the amount and timing of such payments, the supposed overdue balances on which Magellan was charging interest might consist of mostly overcharges, or at least more than 29.5%.

(8)     Delphi has demonstrated that its approach fairly took into account the parties' entire relationship, gave Magellan credit for periods where Delphi had outstanding overdue balances, and conformed with the principles of our first remand. By contrast, Magellan's approach, though presented more simply, failed to account for a significant portion of its misconduct during the parties' relationship, in particular the misconduct that related to the overdue balance interest.

(9)     Rather than burden the Superior Court with the task of adjudicating further disputes between these parties, we direct it to enter a final judgment in accordance with Delphi's calculations.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **REVERSED** and **REMANDED** for the entry of an order consistent with this opinion.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice